Tagged Opinion



**ORDERED in the Southern District of Florida on October 5, 2016.**

Laurel M. Isicoff,
Chief United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO. 15-31826-BKC-LMI

RUBY WELLS,                                     Chapter 13

            Debtor.
_____/

### ORDER OVERRULING OBJECTION TO CLAIM

This matter came before the Court on September 28, 2016 on Debtor's Objection to Claim of Rainbow Loans, Inc. (ECF #51). The Court has considered all of the evidence, including the testimony of Ms. Wells, the Debtor, and the exhibits that were submitted by the parties and admitted by the Court. Having considered the evidence in light of Florida law, the Court finds that the Debtor has not proven an enforceable modification of the mortgage at issue.

FACTS[1]

Sometime in 2005, the Debtor's home, located in 17345 NW 62 Court, Hialeah, Florida 33015 (the "Home") was in foreclosure when the Debtor was contacted by a foreclosure rescue company. Pursuant to an agreement with that company the Debtor deeded her home to the rescue company, subject to a leaseback and an option to purchase.[2] The Debtor exercised that option to purchase in October, 2016; the repurchase of the Home was financed by a loan from SouthStar Funding, LLC (the "SouthStar Loan").

The closing of the SouthStar Loan took place at the law offices of attorney Patricia Perez ("Perez"). At the closing the Debtor executed several documents including a Mortgage (the "Mortgage") and an Adjustable Rate Note (the "Note") each dated October 13, 2006. The Debtor was required to make monthly payments to SouthStar Funding, LLC of $3,378.00 which the Debtor paid for the first five months of the SouthStar Loan.

However, the Debtor did not make the payments owing for June of 2007 or July of 2007. Subsequent to the time the Debtor stopped making payments, Perez called the Debtor and advised the Debtor that the SouthStar Loan had been purchased by Rainbow Loans, Inc. ("Rainbow Loans") and that all future payments were to be made to Rainbow Loans and sent to Perez' office. The Debtor and Perez also discussed modifying the payments, and as a consequence of that discussion the Debtor started making payments of $2,000 a month. The Debtor continued to make payments of $2,000 a month to Rainbow Loans for approximately 3½ years – until October of 2010. However, during that 3½ year period, the Debtor never made all the monthly payments that were owed, missing one or two payments several times. Beginning in

---

[1] The following constitute the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52 made applicable to this contested matter pursuant to Fed. R.Bankr .P. 7052.

[2] The Court is very familiar with these foreclosure rescue schemes and is amazed that, at least in this instance, the homeowner was able to successfully recover ownership of the home.

2010, the Debtor stopped making the $2,000 payments and started making payments of varying amounts from time to time. All the checks were deposited by Rainbow Loans. By April 2013 the Debtor stopped making payments altogether, and in 2014 Rainbow Loans filed a foreclosure action seeking to foreclose the Mortgage.

Until the Debtor received the notice of default that preceded the filing of the foreclosure action, the Debtor never received any written notice, or in fact any correspondence, from Rainbow Loans – no notice of the assignment of the Note and Mortgage, no notice of the yearly interest owed, no notices of default.

There is no dispute that the modification was never reflected in any writing. Although the Mortgage does not, as Rainbow Loans argues, have a "no oral modification clause"[3], the Mortgage is governed by Fla. Stat. §689.01, which requires that any instrument affecting real estate for a term of more than one year[4] must be in writing and signed with certain formalities.[5]

The Debtor argues that the Mortgage was modified by the oral agreement between Perez[6] and the Debtor, which agreement is evidenced by the 3½ years that Rainbow Loans accepted the $2000 "monthly" payments.

---

[3] Paragraph 12 of the mortgage is a no waiver clause.
[4] The Mortgage is a 30 year mortgage.
[5] **689.01    How real estate conveyed**.—No estate or interest of freehold, or for a term of more than 1 year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by instrument in writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of more than 1 year, or by the party's lawfully authorized agent, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of more than 1 year, or any uncertain interest of, in, to, or out of any messuages, lands, tenements or hereditaments, shall be assigned or surrendered unless it be by instrument signed in the presence of two subscribing witnesses by the party so assigning or surrendering, or by the party's lawfully authorized agent, or by the act and operation of law. No seal shall be necessary to give validity to any instrument executed in conformity with this section. Corporations may execute any and all conveyances in accordance with the provisions of this section or ss. 692.01 and 692.02.
[6] Rainbow Loans argued that, even if the Court were to find there were sufficient facts to support a finding of modification there is no evidence that Perez was authorized to bind Rainbow Loans if there was an agreement. However, the evidence clearly shows that, whatever Perez' relationship to Rainbow Loans, she was clearly its authorized agent with respect to the Note and Mortgage.

In *Professional Insurance Corp. v. Cahill*, 90 So.2d 916, 918 (Fla. 1956) the Florida Supreme Court held that a contract that can only be modified in writing may, nonetheless, be modified by oral agreement if "the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." "Work a fraud" is not defined. Debtor's counsel tried to argue in closing that the failure to enforce the modification will "work a fraud" on the Debtor because Rainbow Loans did not try to foreclose until the Home had equity, which, counsel argued, was not the case when the SouthStar Loan was closed. However, the Debtor did not put on any evidence regarding the value of the Home and thus, even if there was a change in value and even if such change in value was relevant, there is no evidence to support a finding of fact on that point.

The case *Okeechobee Resorts, L.L.C. v. EZ Cash Pawn, Inc.*, 145 So.3d 989 (Fla. 4th DCA 2014), provides an excellent overview of the Florida law on oral modification. After reviewing *Cahill* and its progeny, the Florida appellate court held

> a party seeking to enforce an oral modification in the face of a "no oral modification" clause must show that the parties accepted and acted upon the alleged modification (i.e., mutual assent and a course of dealing consistent with the alleged amendment) and that a refusal to enforce the modification would "work a fraud" because the party seeking to enforce the modification provided – and the resisting party accepted – additional consideration for the modification.

In the instant case the Debtor did not prove that the failure to enforce the modification would work a fraud, and certainly did not provide any evidence of additional consideration offered or accepted. The evidence shows that the Debtor, almost from the time Rainbow Loans bought the Note and Mortgage, paid when she wanted to pay, which sometimes was monthly and sometimes was not. The evidence shows that by 2010 the Debtor not only paid when she wanted to pay but also how much she wanted to pay. Rainbow Loans' decision not to default the Debtor

does not adversely impact its rights.  Indeed, this is where paragraph 12 of the Mortgage becomes relevant.  That paragraph provides

> **Borrower Not Released; Forbearance By Lender Not A Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successor In Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by Reason of any demand made by the original Borrower or of any Successor in Interest of Borrower.  Any forbearance by Lender in exercising any rights or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

Accordingly, for the foregoing reasons, the Court finds that:

a.  The Note and Mortgage were not modified.

b.  The Objection to Claim is Overruled.

# # #

Copies furnished to:
Diane Cue, Esq.
Jared Kullman, Esq.

    Attorney Cue shall serve a copy of this Order upon all parties in interest and file a certificate of service with the Clerk of Court.